[No. 20723. Department Two. December 15, 1927.]

EDWARD C. MOE, *Appellant*, v. HERMINA C. BECHER, *Respondent*.[1]

[1] HOMESTEAD (6, 7)—ACQUISITION—NECESSITY OF OCCUPANCY— DECLARATION—GOOD FAITH. Under Rem. Comp. Stat., §§ 552, 559, providing that the premises must be actually "intended and used for" a homestead and that the claimant "shall intend to reside thereon," the validity of a homestead claim depends on the good faith of the claimant at the time of the declaration; and bad faith is not shown by the fact that, shortly after, the claimants sold the property and removed to another state; especially as against a judgment creditor who conceded that the parties were domiciled on the premises when the declaration was made.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered April 1, 1927, upon findings in favor of the defendant, in an action to quiet title, tried to the court. Affirmed.

*Wm. A. Johnson*, for appellant.

*E. C. Dailey*, for respondent.

MAIN, J.—This action was brought to quiet title to, and for possession of, certain real property. The defendant also claimed title and right to possession. The cause was tried to the court without a jury and resulted in findings of fact, conclusions of law and judgment confirming the defendant's title and her right to possession. The plaintiff appeals.

The facts are these: Antone E. Wolter and Marguerite Wolter, his wife, were the owners of lot 14, in block 581, in the Mitchell Land and Improvement Company's First Addition to the city of Everett, upon which there was a small dwelling house and in which they lived with their three minor children. During

the early winter of 1923, Mr. Wolter went to Los Angeles, California, where he found employment. Shortly after his departure from this state, the appellant in this case, Edward C. Moe, brought an action against him, and jurisdiction was obtained by leaving a copy of the summons and complaint with Mrs. Wolter at their Everett residence. Mr. Wolter, through a Los Angeles attorney, called attention to the attorney for Mr. Moe, in that case, that he was then a resident of Los Angeles. No regard appears to have been given this letter, and judgment was taken against Mr. Wolter by default for the sum of $2,643.70. This judgment was entered January 24, 1924.

On February 5, 1924, Mrs. Wolter, who was then with the three minor children living in the Everett home, executed and filed a declaration of homestead. Thereafter, execution was levied upon the property and it was sold under the judgment. Mr. Wolter returned from California, prior to the time that the declaration of homestead was filed. He made an unsuccessful effort to have the judgment against him vacated. On February 27, 1924, the respondent purchased the property from the Wolters and went into possession. At the time of the purchase there was a mortgage upon it in the sum of eight hundred and fifty dollars. This was assumed, as a part of the purchase price, and paid. The respondent also purchased the furniture in the house, the total purchase price for the house and furniture being $1,850. The appellant claims under a sheriff's deed which he received as the result of the sale on execution. The respondent claims under the deed which she received from the Wolters.

[1] The controlling question is, whether the homestead declaration by Mrs. Wolter was valid. Rem. Comp. Stat., § 552 [P. C. § 7883], provides that the premises included in a homestead must be actually "in-

5—146 WASH.

tended and used for a homestead for the claimants.''
Section 558 authorizes either the husband or the wife
to make the declaration of homestead. Section 559,
in specifying what the homestead declaration shall con-
tain, among other things, requires that the claimant
shall intend to reside thereon. Rem. Comp. Stat.,
§§ 552 and 559 [P. C. §§ 7883, 7890], have been con-
strued in *Wentworth v. McDonald*, 78 Wash. 546, 139
Pac. 503, and *Byam v. Albright*, 94 Wash. 108, 162 Pac.
10, as having reference only to the ''qualifications of
the claimant to assert a homestead right at the time
of filing the homestead declaration, and not to the con-
tinuing of such right thereafter.''

The question, then, is reduced to whether Mrs. Wol-
ter, at the time she made the declaration of homestead,
actually intended that the property should be used for
a home. Before it could be determined that the home-
stead was not valid, it would be necessary to find that
Mrs. Wolter, in making the selection, had acted in bad
faith. The fact that, in a comparatively short time
after the sale of the property to the respondents, the
Wolters moved from this state to the state of Cali-
fornia, taken in connection with the circumstances of
the sale, would not sustain an inference that the dec-
laration of homestead was made in bad faith. The
attitude of Mr. Wolter, as indicated by the letter from
the Los Angeles attorney and his attempt to vacate the
judgment, is only material as bearing upon the intent
of Mrs. Wolter. As against these facts, it appears that
on March 10, 1924, Mr. Wolter registered as a voter
in the city of Everett.

The appellant's position, at the time he obtained
his judgment, is hardly consistent with his position
in this proceeding. In that action, he necessarily took
the position that the domicile of Mr. Wolter had not
been moved to California. If that be true, then the

fact that the property was sold soon after the declaration of homestead was filed and that the Wolters departed from the state would not be a controlling circumstance to show bad faith.

The judgment will be affirmed.

MACKINTOSH, C. J., FULLERTON, ASKREN, and HOLCOMB, JJ., concur.